People v Moss (2019 NY Slip Op 09179)





People v Moss


2019 NY Slip Op 09179


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1172 KA 16-02093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STACY R. MOSS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 7, 2015. The judgment convicted defendant upon his plea of guilty of robbery in the third degree (three counts), grand larceny in the third degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of robbery in the third degree (Penal Law § 160.05), one count of grand larceny in the third degree (§ 155.35 [1]), and one count of grand larceny in the fourth degree
(§ 155.30 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence because "[n]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" (People v Morgan, 149 AD3d 1560, 1560 [4th Dept 2017], lv denied 29 NY3d 1083 [2017] [internal quotation marks omitted]; see generally People v Maracle, 19 NY3d 925, 927-928 [2012]). Moreover, although defendant signed a written waiver of the right to appeal, the written waiver failed to state that defendant was waiving his right to appeal his sentence (see People v Tomeno, 141 AD3d 1120, 1121 [4th Dept 2016], lv denied 28 NY3d 974 [2016]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court